UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALSHE LLC and THE SIMON LAW FIRM, ) | |
| ) | Case No. 08-CV-3256 |
| Plaintiffs,  ) | |
| ) | Judge James B. Zagel |
| v.  ) | |
| ) | Magistrate Judge Susan E. Cox |
| ALAN J. ROSS and SAVE ASSOCIATES, ) | |
| ) | |
| Defendants.  ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

P. Andrew Fleming
Richard L. Miller II
Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
223069

Plaintiffs Balshe LLC ("Balshe") and The Simon Law Firm (the "Simon Firm") (collectively, "Plaintiffs"), by their attorneys, Novack and Macey LLP, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby move for the entry of the attached Protective Order to ensure the confidentiality of the trade secrets and other confidential information that are the subject of this action. In support hereof, Plaintiffs state as follows:

1.  As described in Plaintiffs' Verified Complaint For Injunctive And Other Relief, this case concerns, among other things, Defendants misappropriation of Plaintiffs' trade secrets and highly confidential business plans. It also involves Defendants' threats to disclose and even sell such secret and legally protected information to third parties.

2.  Pursuant to Rule 26(c), the Court has the authority to enter a protective order to protect from disclosure the confidential information at issue in this litigation.

3.  In fact, this action is brought, in part, pursuant to the Illinois Trade Secrets Act, 765 ILCS 1065/1, et seq. (the "Act"). The Act provides that, "a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." 765 ILCS 1065/6.

4.  During the course of this action, Plaintiffs anticipate that their trade secrets and other confidential business information will be the subject of discovery in the form of interrogatory responses, document productions and deposition testimony. Further, such information most likely will be disclosed to the Court during the hearings and trial of this matter, including a preliminary injunction hearing.

5.      Accordingly, a protective order is necessary to protect Plaintiffs' trade secrets and confidential information.

6.      In accordance with Rule 26(c)(1), Plaintiffs' counsel certifies that he has, in good faith, conferred or attempted to confer with Defendants' counsel in an effort to resolve this matter without court action.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Enter the Protective Order attached hereto as Exhibit 1; and

B       Grant Plaintiffs such other and further relief as is appropriate.

Respectfully submitted,

BALSHE LLC and THE SIMON LAW FIRM

By:____/s/ Richard L. Miller II_____
       One of Their Attorneys

I certify under penalty of perjury that the foregoing is true and corrected. Executed on June 10, 2008.

By:____/s/ Richard L. Miller II_____
       Richard L. Miller II

**CERTIFICATE OF SERVICE**

      I, Richard L. Miller II, hereby certify that I caused a copy of the foregoing Plaintiffs' Motion For Entry Of Protective Order to be served upon the following individual via electronic means pursuant to Electronic Case Filing (ECF) procedures:

      Alan R. Lipton
      Hinshaw & Culbertson LLP
      222 N. LaSalle St., Suite 300
      Chicago, IL 60601-1081
      alipton@hinshawlaw.com

and upon the following individuals via electronic mail, facsimile and U.S. mail:

      David L. Braverman
      Richard S. Julie
      Braverman & Kaskey, P.C.
      One Liberty Place, 56th Floor
      Philadelphia, PA 19103-7334
      Fax: 215-575-3801
      bbraverman@braverlaw.com
      rjulie@braverlaw.com

on this 10th day of June 2008.

                                    /s/ Richard L. Miller II
                                    Richard L. Miller II

# EXHIBIT 1

Case 1:08-cv-03256   Document 17-2   Filed 06/10/2008   Page 1 of 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BALSHE LLC and THE SIMON LAW FIRM, | ) | |
| | ) | Case No. 08-CV-3256 |
| Plaintiffs, | ) | |
| | ) | Judge James B. Zagel |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| ALAN J. ROSS and SAVE ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern all information disclosed during discovery and any pre-trial hearings in the above-captioned action:

1. All information designated "Confidential" that is produced or exchanged in the course of this action shall be used solely for the purpose of preparation, prosecution or defense of this action and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

2. For the purposes of this Order, the term "Confidential" shall include all information: (1) that the producing party and its counsel in good faith considers confidential; (2) that contains or discloses trade secrets; and/or (3) that would work to the competitive disadvantage of the producing party if disclosed to the public and/or to any competitor or potential competitor of the producing party. Information in the public domain at the time of disclosure is not "Confidential," regardless of whether it has been so designated by the producing party. Information designated as "Confidential" by a producing party, but which later becomes part of the public domain through no

fault of the opposing party, ceases to be "Confidential" as of the time it becomes a part of the public domain.

3. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. "Qualified Persons" as used herein means:

    a. The parties to this action and party employees, officers and directors to whom it is reasonably necessary that the information be shown for purposes of this action;

    b. Attorneys representing the parties in this action, and employees of such attorneys to whom it is reasonably necessary that the information be shown for purposes of this action;

    c. Actual or potential independent experts or consultants who have signed an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto;

    d. This Court, court personnel and court reporters in any further proceedings in this action;

    e. Third parties called as witnesses at any pre-trial hearing or in deposition, provided that, unless such a third party witness signs an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, that any "Confidential" information or documents shall be returned by such third party witness to counsel for the party that called the witness immediately after the witness completes his or her testimony. If a third party deposition witness does not sign an Agreement to be Bound by Stipulation and Protective Order in the form of Exhibit A attached hereto, but chooses to read and sign his or her deposition transcript, such witness may be provided with a copy of the draft transcript and the exhibits thereto for that purpose only, and the party that called for the deposition of the witness (or their counsel) shall ensure that the witness

does not retain any portion of the deposition transcript that has been designated as "Confidential," or any exhibits thereto designated as "Confidential" after such review; and

   f. Others as agreed to by the parties in advance in writing.

4. Documents and/or information produced in this action may be designated by counsel for any party or parties as "Confidential" by conspicuously marking the document(s) or information so designated "CONFIDENTIAL." Each page of confidential information must be marked "CONFIDENTIAL." Any designation of materials as "Confidential" must be made in good faith by counsel for a party.

5. If "Confidential" information is included in answers to interrogatories or requests for admissions, each page of such answers shall be marked with the legend "CONFIDENTIAL" and separately bound.

6. At any deposition, testimony or exhibits may be designated as "Confidential" by so indicating on the record, and by designating that portion of the transcript of the deposition relating or pertaining to the "Confidential" information (and any exhibits thereto containing "Confidential" information) as "Confidential." Deposition testimony and exhibits designated as "Confidential" information during a deposition shall be separately bound and bear the legend "CONFIDENTIAL" on the cover; deposition testimony designated as "Confidential" information after transcription shall also be separately bound and bear the legend "CONFIDENTIAL" on the cover. For fifteen (15) days after receipt of the deposition transcript, the entire transcript and all "Confidential" exhibits thereto shall be treated as "Confidential" information. Within the 15-day period, counsel must designate any additional portions of the deposition transcript as "Confidential" by marking each page of such portions of the transcript as "CONFIDENTIAL" and delivering them to opposing counsel.

7.     At any pre-trial hearing before the Court, testimony or exhibits may be designated as "Confidential" by so indicating on the record, and by designating that portion of the transcript of the hearing relating or pertaining to the "Confidential" information (and any exhibits thereto containing "Confidential" information) as "Confidential." Hearing testimony and exhibits designated as "Confidential" information during a hearing shall be separately bound and bear the legend "CONFIDENTIAL" on the cover; deposition testimony designated as "Confidential" information after transcription shall also be separately bound and bear the legend "CONFIDENTIAL" on the cover.  For fifteen (15) days after receipt of the hearing transcript, the entire transcript and all "Confidential" exhibits thereto shall be treated as "Confidential" information.  Within the 15-day period, counsel must designate any additional portions of the hearing transcript as "Confidential" by marking each page of such portions of the transcript as "CONFIDENTIAL" and delivering them to opposing counsel.

8.     Documents unintentionally produced without designation as "CONFIDENTIAL" may be retroactively designated by notice in writing to the receiving party, and shall be treated appropriately from the date written notice of the designation is provided.  Such notice shall include additional copies of the information with each page of such materials marked "CONFIDENTIAL." If such information was disclosed to a person other than a Qualified Person before such designation, then, within seven (7) days of receiving the designation, the receiving party shall provide a written list of all of the persons to whom the information was disclosed who are not Qualified Persons.

9.     Any party to this action or member of the public may challenge the propriety of a "Confidential" designation at any time during these proceedings.  In the event of such challenge by a party, the parties shall first try to resolve such dispute in good faith on an informal basis, such as

production of redacted copies. In the event of such challenge by a member of the public, the challenger and the parties shall first try to resolve such dispute in good faith on an informal basis. If any dispute cannot be resolved, the objecting party may move the Court for an order to change the designated status of such information. On such a motion, the designating party shall bear the burden of proving that the designation is appropriate. Any party may seek an order of the Court modifying this Order.

10. The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order while this matter is pending. Within thirty (30) days after conclusion of this action or any appeal from final decision in this action, whichever is later, all "Confidential" information produced pursuant to this Order and copies thereof shall be destroyed (so long as it is a copy) or returned by the opposing party to the producing party. If the opposing party destroys any "Confidential" information pursuant to this paragraph, then such party shall send to the producing party written certification that all "Confidential" information has either been returned or destroyed. The provisions of this Order shall continue to be binding after the conclusion of this action.

11. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

12. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding at the respective hearing or trial. Subject thereto, unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to information designated "Confidential" shall treated in accordance with this Order by the parties.

13. Documents containing confidential information shall *not* be filed with the Clerk of Court. Any such documents requiring the Court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original "Confidential" material/documents intact for any further review. A *redacted copy* of the pleading shall be filed with the Clerk of Court for the record.

ENTERED:

 

**Honorable James B. Zagel**
United States District Court Judge

Doc #222777

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BALSHE LLC and THE SIMON LAW FIRM, | ) | |
| | ) | Case No. 08-CV-3256 |
| Plaintiffs, | ) | |
| | ) | Judge James B. Zagel |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| ALAN J. ROSS and SAVE ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. I acknowledge that I have read and that I understand the Protective Order entered in the above-captioned action and I hereby agree to abide by all of its terms and conditions.

2. I agree to return upon request, or in any event at the conclusion of this litigation or upon termination of my engagement, all "Confidential" information that comes into my possession, as well as all documents which I have prepared related thereto, to the party or attorneys by whom I was engaged.

3. I understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to sanctions imposed by the Court hearing this action or another court of competent jurisdiction, including, but not limited to, penalties for contempt of court.

4. I hereby submit to the jurisdiction of the United States District Court for the Northen District of Illinois, Eastern Division, for these purposes.

Signature:_____   Date:_____

Printed Name:_____   Address:_____
                                      _____
                                      _____